CENTRAL COMMUNITY CHAUTAUQUA SYSTEM v RENTSCHLER et

Ohio Appeals, 3rd Dist, Henry Co

No 196. Decided April 5, 1929

James P Ragan, Napoleon, for Chautauqua.

Fred Gribbell, Deshler, for Rentschaler et.

JUSTICE, J.

Several errors are assigned. One of them alludes to the overruling of plaintiff's motion for judgment notwithstanding the verdicts.

**Section 11601,** of the **General Code,** provides that:

"When, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, although a verdict has been found against such party."

This Section is mandatory, but it authorizes a judgment non obstante verdicto, only when the pleadings require it. **Challen v. Cincinnati, 40 O. S. 113. McCoy et al., Trustee, v. Jones, et al., 61 O. S. 119.** No such requirement appears in the instant case. To the contrary, however, the pleadings clearly disclose an issuable fact, which the trial court was required to submit to the jury under proper instructions. The motion, therefore, was properly overruled.

Another claimed error pertains to the admission of testimony.

Counsel for plaintiff insists that the trial court, in admitting testimony, violated the so-called "Parol Evidence Rule." With this contention we do not agree. Parol contemporaneous evidence, of course, is inadmis-

sible to contradict, vary, add to or substract from, the terms of a valid written instrument. 1 Grenl. Ev. Section 275. But the testimony under consideration, as we see it, did not tend to contradict, vary, add to or subtract from, the contract of guaranty. It simply tended to show the inducing and moving cause of said written contract and, in addition thereto, that said contract in law never existed.

Commentaries on Evidence, 2nd Edition:

Clearly the testimony was relevant to the issues as made by the pleadings. It, therefore, was not only competent but obviously of much moment to the defendants. Its reception by the trial court was proper.

Another claimed error refers to the charge.

Did the trial court, in so charging, place upon the plaintiff an unwarranted burden? We do not think so.

The pleadings reveal that plaintiff predicated a recovery in this cause upon an alleged present and absolute contract, while the defendants bottomed their defense upon an alleged conditional signing of said contract.

In **Leisy & Company v. Zuellig, 7 O. C. C. Reports, 423,** the Circuit Court of the Sixth District, held:

(Here follows quotation)

In the instant case the trial court correctly put the burden upon the plaintiff of proving the material allegations of its petition. The defense, being based upon a different agreement than that upon which plaintiff sued, was nothing more or less than a general denial. **Simmons v. Green, 35 O. S. 104.**

We have carefully examined the charge and are of the opinion that, when construed as a whole, it is free from prejudicial error. **Ohio & Indiana Torpedo Company v. Fishburn, et al., 61 O. S. 608.**

Entertaining these views, it follows that the judgment of the trial court should be affirmed.

Before Judges Hughes, Justice & Crow.